IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TORRANCE DESHUN JOINER, :
:
      Plaintiff, :
:
VS. :
: **1 : 10-CV-91 (WLS)**
JERRY FLOYD, :
:
      Defendant. :
:

## RECOMMENDATION

The Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on July 15, 2010, alleging Plaintiff's conditions of confinement were unconstitutional and Defendant was deliberately indifferent to Plaintiff's serious medical needs (Doc. 1). Presently pending in this action is Defendant's Motion for Summary Judgment (Doc. 18).

**Background**

In his Complaint, Plaintiff alleges that Defendant, the Deputy Warden of the Mitchell County Correctional Institution, placed Plaintiff in an isolated cell with no air flow and was deliberately indifferent to Plaintiff's skin rash (Doc. 1). Plaintiff states that the isolation cell was "unsanatary [sic], unventilated, and with humidity above one hundred degrees with no airflow." Due to the unsanitary conditions, Plaintiff alleges that he "caught" a bacteria that caused a rash over the upper half of his body and, as a result, Plaintiff was quarantined for six days. While quarantined, Plaintiff states that Defendant would not allow Plaintiff to go to see a nurse or doctor for his rash. Further, Plaintiff alleges that the health department came to Mitchell County Correctional Facility, where Plaintiff was housed, saw how bad Plaintiff's rash was, and rushed him to the emergency room.

Plaintiff also alleges that Defendant forced Plaintiff to spray his cell with pure bleach to kill the bacteria, which caused his eyes to swell and his chest to hurt. As a result of Defendant's alleged

actions, Plaintiff claims that his Eighth Amendment rights were violated.

Defendant filed his Motion for Summary Judgment on December 30, 2010 (Doc. 18). On January 7, 2011, the Court notified the Plaintiff of the filing of Defendant's Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the date of the Court's Order (Doc. 22). As of the date of this Recommendation, Plaintiff has not responded to Defendant's Motion for Summary Judgment.

**Standard of Review**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate that no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes

demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials –including the facts considered undisputed – show that the movant is entitled to it". Fed R. Civ. P. 56(e)(3).

## Discussion

*A. Conditions of Confinement*

Plaintiff alleges that Defendant violated Plaintiff's Eighth Amendment rights by placing him in an isolated cell with inadequate ventilation and forcing him to clean his cell with pure bleach (Doc. 1). To establish that the conditions of his confinement violated Plaintiff's Eighth Amendment rights, Plaintiff must prove both an objective and a subjective component to show that Defendant acted with deliberate indifference to a serious condition.

"First, under the 'objective component', a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing *Hudson v. Macmillian*, 503 U.S. 1, 8 (1992)). A plaintiff must show that a condition of his confinement

> pose[s] an unreasonable risk of serious damage to his future health [or safety]. . . [T]he Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.

*Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). Under the subjective component, "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

3

Defendant contends that the conditions of Plaintiff's confinement during Plaintiff's incarceration in isolation was not sufficiently serious to constitute a violation of Plaintiff's Eighth Amendment rights. In asserting that he is entitled to the entry of summary judgment in regard to Plaintiff's claims about his conditions in isolated confinement, Defendant has submitted his own affidavit describing the ventilation system in the isolated confinement and medically segregated units and describing the cleaning process of inmate cells (Doc. 20-1, Floyd Affidavit).

On June 8, 2010, Plaintiff was placed in isolated confinement (*Id.*). The isolated confinement area is ventilated by two large fans that circulate the air and a thermostatic air comfort system that circulates the air and regulates the temperature. During the summer months, the air comfort system is set to maintain a temperature at or below 85 degrees, and was set this way while Plaintiff was in isolated confinement (*Id.*). On June 16, 2010, after Plaintiff was provisionally diagnosed with scabies, he was placed in medical segregation (*Id.*). There is also a thermostatic air comfort system that regulates the temperature and circulates the air in the medical segregation area. Here, the temperature is maintained at or below 78 degrees during the summer months, and was set in that manner while Plaintiff was housed there (*Id.*).

Additionally, while housed in isolated confinement, Plaintiff was required to clean his cell with a cleaning solution composed of nine (9) parts water and one (1) part bleach and two (2) other sanitizers to prevent the spread of contagious diseases (*Id.*). Defendant never asked or forced Plaintiff to clean his cell with undiluted bleach (*Id.*).

Conditions of confinement violate the Eighth Amendment when the conditions "involve the wanton and unnecessary infliction of pain." *Chandler*, 379 F.3d at 1289 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[T]he Constitution does not mandate comfortable prisons, . . . [and prisons] cannot be free of discomfort." *Rhodes*, 452 U.S. at 349. The Eleventh Circuit has held

4

that heat is not unconstitutionally excessive when the temperatures in the cells range from 85-86 degrees during the day and 80 degrees at night, while sometimes reaching the 90s on exceptionally hot days. *Chandler,* 379 F.3d at 1297. In *Chandler*, the court held that prisoners claiming excessive heat did not overcome the objective component of their Eighth Amendment claim because the ventilation system maintained reasonable levels of comfort and the prisoners did not show an extreme deprivation. *Id.* at 1297 -1298.

Herein, the evidence shows that Plaintiff was confined in conditions that were equal to or less than the temperatures found in *Chandler*. The temperature of Plaintiff's isolated confinement cell remained at 85 degrees or lower and his medically segregated cell remained at 78 degrees or lower. As such, the temperatures of Plaintiff's cells did not cause an excessive deprivation and Plaintiff has failed to establish that Defendant's actions of placing Plaintiff in isolated confinement violated Plaintiff's Eighth Amendment rights.

Plaintiff has also failed to show that the use of bleach in his cleaning solution caused a substantial risk of serious harm to Plaintiff's health. However, regardless of whether Plaintiff's use of a cleaning solution posed an unreasonable risk of serious damage to his future health, Plaintiff has failed to show Defendant acted with deliberate indifference. Defendant did not know of and disregard a serious risk to Plaintiff's health when Plaintiff was required to clean his cell with a cleaning solution that contained nine (9) parts water and one (1) part bleach. Defendant testified that Plaintiff was required to clean the cell with the cleaning solution as part of the isolated confinement rules. Further, Defendant never ordered, asked, or required Plaintiff to use pure bleach.

As Plaintiff has provided no evidence to refute Defendant's evidence, no genuine issue of fact remains as to Plaintiff's claim that his conditions of confinement violated his Eighth Amendment rights; thus, Plaintiff's claim cannot withstand Defendant's Motion for Summary Judgment.

*B. Deliberate Indifference to Medical Needs*

Plaintiff also alleges that Defendant was deliberately indifferent to Plaintiff's serious medical needs (Doc. 1). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). In order to show that a prison official acted with deliberate indifference to a serious medical need, Plaintiff must prove that there is an "objectively serious medical need" and the "prison official acted with deliberate indifference to that need." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

To establish the objective element, a prisoner must show that the medical need poses a substantial risk of serious harm if left unattended. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), overruled in part on other grounds by *Hope v. Pelzer*, 536 U.S. 730 (2002). A serious medical need can also be established if there is a delay in treatment that worsens the condition. *Id.* at 1188-1189. "In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." *Id.* at 1188.

To establish that a prison official acted with deliberate indifference to a serious need, Plaintiff must show that the prison official had "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351. A prison official's subjective knowledge of a risk is a question of fact in which the defendant "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* [ ] must also draw the inference." *Bozeman v. Orum*, 422 F.3d 1265, 1272

6

(11th Cir. 2007) (emphasis in original) (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).

In asserting that he is entitled to the entry of summary judgment in regard to Plaintiff's claim of deliberate indifference to a serious medical need, Defendant has submitted his own affidavit, an affidavit from non-party Nurse Jones, and portions of Plaintiff's prison medical records (Docs. 20-1, 21). Defendant concedes that he was aware that Plaintiff was provisionally diagnosed with scabies by non-party Dr. Susan Harding on June 16, 2010 (Doc. 20-1, Floyd Affidavit ¶ 15). However, Defendant contends that Plaintiff's condition did not involve a serious medical need, and that Defendant did not know of a risk and disregard a serious medical need (Doc. 20).

After Dr. Harding provisionally diagnosed Plaintiff with scabies on June 16, 2010, Nurse Jones told Defendant that Dr. Harding had given orders to quarantine Plaintiff from other prisoners due to his condition (Doc. 20-1, Floyd Affidavit ¶ 16). As a result, Defendant moved Plaintiff into an area designated for medical segregation. With the assistance of Harding and Jones, Plaintiff continued treatment for the rash with various topical ointments and antibiotics (Doc. 21, Jones Affidavit).

On June 22, 2010, Plaintiff filed an informal grievance complaining that Plaintiff caught a bacteria while he was housed in isolated confinement (Doc. 20-1, Floyd Affidavit ¶ 18). After reviewing the grievance form, <u>Defendant</u> asked Nurse Jones to take Plaintiff to the emergency room for another opinion regarding Plaintiff's rash (*Id.*; Doc. 21, Jones Affidavit)[1]. After Plaintiff's visit to the emergency room, prison officials were informed that the emergency room doctor had determined Plaintiff's rash had healed, and Plaintiff was returned to general population. On July 12, 2010, Plaintiff was returned to work detail after being cleared by Jones (*Id.*).

To establish a deliberate indifference claim, the evidence must show that the prison official had

---

[1] While Plaintiff alleges that the health department rushed him to the emergency room, there is no evidence to support this assertion.

7

knowledge of the medical condition and "knowingly and recklessly declined to take actions that would have improved" the medical condition. *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010). Consistent with the facts presented, Defendant was aware that Plaintiff was provisionally diagnosed with scabies and, in response, placed Plaintiff in medical segregation where Plaintiff received medical treatment for his rash. Further, when Defendant received Plaintiff's grievance complaining that he had a rash, Defendant ordered Plaintiff to be taken to the emergency room for an additional medical opinion. After the emergency room visit, it was clear that Plaintiff's rash had healed. As such, Defendant did not knowingly and recklessly decline to take actions to improve Plaintiff's condition. In fact, the record reflects that Defendant took action to ensure that Plaintiff's rash was properly treated.

As Plaintiff did not provide the Court with any evidence to refute Defendant's showing that he was not deliberately indifferent to a serious medical need, no genuine issue of fact remains regarding Plaintiff's claim. Thus, Plaintiff's claim of deliberate indifference to a serious medical need cannot survive Defendant's Motion for Summary Judgment.

## Conclusion

As Plaintiff has failed to sufficiently rebut Defendant's summary judgment showing, it is the recommendation of the undersigned that Defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 2nd day of June, 2011.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf